UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS W. DELANEY,

                             Plaintiff,

               -against-

JOHN PENNELL, et al.,

                             Defendants.

1:24-CV-5676 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Dennis W. Delaney, of Burbank, California, brings this *pro se* action, invoking 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He also appears to assert claims under state law.[1] Plaintiff seeks unspecified relief, and he sues:

(1) John Pennell; (2) William Pennell; (3) Shannon Pennell; (4) Donald Jett; (5) the Catholic Diocese of Springfield, Illinois; (6) Kent Gray; (7) George Alarm; (8) Young's Security; (9) Vono Medical Supply; (10) Thomas Jurkanin; (11) Julie Pennell; (12) Paul Moriconi; (13) Randy Scott; (14) Bob Wharton; (15) Bob Dunbar; (16) "UFCW #881"; (17) "IAM #213"; (18) the Illinois Trucking Association; (19) Laidlaw Corporation; (20) the United Brotherhood of Carpenters, UBC; (21) the Laborers International Union of North America, LIUNA 477; (22) the International Brotherhood of Teamsters, IBT #916; (23) Phillip Morris, "Altria"; (24) Robert K. Gray; (25) Judith Gray; (26) Terry Fairclough; (27) William Cellini; (28) Robert Kjellander; (29) Anthony Libri; (30) Irv Smith; (31) Brad Schaive; (32) Tony Barr; (33) Russell Steil;

---

[1] Because Plaintiff originally filed his complaint without an original signature, by order dated July 30, 2024, the Court directed Plaintiff to resubmit the signature page of his complaint with his original signature within 30 days. (ECF 4.) On August 12, 2024, Plaintiff did so, but it was attached to another document (ECF 5), which the Court understands to be a supplement to Plaintiff's original complaint.

(34) Willard Bunn III; (35) "Caldwell"; (36) Larry Trent; (37) the Federal Bureau of Investigation ("FBI"); (38) the Central Intelligence Agency ("CIA"); (39) the Department of Defense ("DOD"); (40) the Department of Justice ("DOJ"); (41) the "'Outlaw's' motorcycle club, 'Outlaw MC'"; (42) Charles Pennell; (43) Jack Stoldt; (44) "Central Illinois Security, CIS"; (45) Bill Black; (46) Allied Waste Disposal; (47) John Schmidt, the Sangamon County (Illinois) State's Attorney; and (48) the City of Springfield, Illinois

The construes Plaintiff's complaint and supplement as asserting claims under 42 U.S.C. § 1983, RICO, and under state law against the non-federal-agency defendants (those defendants other than the FBI, CIA, DOD, and DOJ), and claims under the Federal Tort Claims Act ("FTCA") and/or the Administrative Procedure Act ("APA") against the federal-agency defendants (the FBI, CIA, DOD, and DOJ). For the following reasons, the Court transfers this action to the United States District Court for the Central District of Illinois.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims under 42 U.S.C. § 1983 and under state law is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] § 1391(c)(1), (2).

Claims under the civil-enforcement provisions of RICO against a person, as defined by that statute, must be brought "in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

With respect to claims under the FTCA, they must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Claims under the APA must be brought in a United States District Court for:

any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

§ 1391(e)(1).

Plaintiff does not allege where most of the non-federal-agency defendants reside for the purposes of Section 1391(b)(1); as to those defendants for which the Court can deduce their respective residencies, they seem to reside in Springfield, Sangamon County, Illinois, which lies within the Central District of Illinois. *See* 28 U.S.C. § 93(b). Thus, because at least some of the non-federal-agency defendants do not reside within the State of New York, let alone, within this

---

[2] With respect to a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

judicial district,[3] this court is not a proper venue for Plaintiff's claims under Section 1983 and under state law against those defendants pursuant to Section 1391(b)(1).

Plaintiff does not specify whether any of the alleged events that are the bases for his claims under Section 1983 or under state law occurred within this judicial district. Thus, it is not clear that this court is a proper venue for those claims under Section 1391(b)(2). Plaintiff does allege, however, that a substantial portion of the alleged events that are the bases for those claims occurred within Sangamon County, Illinois, in the Central District of Illinois. Thus, the United States District Court for the Central District of Illinois is a proper venue for Plaintiff's claims under Section 1983 and under state law against the non-federal-agency defendants pursuant to Section 1391(b)(2).

For the purposes of Plaintiff's claims against the non-federal-agency defendants under RICO, Plaintiff seems to allege that those defendants either reside, are found, have an agent, or transact their affairs in Sangamon County, Illinois, and not within this judicial district. Thus, it would appear that the United States District Court for the Central District of Illinois, rather than this court, is a proper venue for Plaintiff's claims against the non-federal-agency defendants under RICO. *See* § 1965(a).

Because Plaintiff resides in Burbank, Los Angeles County, California, within the Central District of California, *see* 28 U.S.C. § 84(c)(2), and because he alleges that the vast majority, if not, all of the events that are the bases for his claims against the federal-agency defendants occurred within Sangamon County, Illinois, within the Central District of Illinois, the United

---

[3] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

States District Courts for the Central Districts of California and Illinois, respectively, and not this court, are proper venues for Plaintiff's claims against the federal-agency defendants under the FTCA. *See* § 1402(b).

With respect to any of Plaintiff's claims against the federal-agency defendants under the APA, those defendants would appear to reside in all of the federal judicial districts, making all federal district courts, including this court, as well as the United States District Courts for the Central Districts of California and Illinois, respectively, proper venues for such claims. *See* § 1391(c)(2), (e)(1)(A). While it is unclear, to the extent that any of Plaintiff's claims against any of the federal-agency defendants under the APA do not involve real property, the United States District Court for the Central District of California, the judicial district in which Plaintiff resides, would additionally be a proper venue for those claims. *See* § 1391(e)(1)(C). Most importantly, however, because Plaintiff alleges that a substantial portion, if not, all of the alleged events that are the bases for his claims against the federal-agency defendants occurred in Sangamon County, Illinois, and not within this judicial district, the United States District Court for the Central District of Illinois, and not this court, is a proper venue for Plaintiff's claims against the federal-agency defendants under the APA. *See* § 1391(e)(1)(B).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of

the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The vast majority, if not, all of the alleged events that are the bases for Plaintiff's claims occurred in Sangamon County, Illinois, within the Central District of Illinois. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Central District of Illinois, which is a proper venue for all of Plaintiff's claims, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of Illinois. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 13, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge